IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN MICHAEL BUSH III,

    Petitioner,

v.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:18-CV-1283
JUDGE ALGENON L. MARBLEY
Magistrate Judge Chelsey M. Vascura

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Petition, Respondent's Return of Writ, Petitioner's Reply, and the exhibits of the parties. For the reasons that follow, the undersigned **RECOMMENDS** that this action be **DISMISSED**.

### I.    Facts and Procedural History

The Ohio Fifth District Court of Appeals summarized the facts and procedural history of the case as follows:

> {¶ 2} On September 21, 2016, an Indictment was filed charging Bush with five counts of rape felonies of the first degree in violation of R.C. 2907.02(A)(1)(b).
>
> {¶ 3} On June 22, 2017, a written plea of guilty form signed by Bush, defense counsel, and the prosecutor was filed. Bush pled guilty to two counts of Gross Sexual Imposition, felonies of the third degree in violation of R.C. 2907.05(A)(4), as lesser-included offenses of Count I and Count IV of the Indictment. In exchange for Bush's guilty pleas, the state agreed to dismiss Counts Two, Three and Five of the Indictment. The written form included the following caveat:
>
> There is a presumption in favor of prison for this offense.

> Said sentences for both offenses could be run consecutive to or concurrent with one another, for a potential maximum penalty of ten (10) years in prison in a State Penal Institution.
>
> Plea of Guilty, filed June 22, 107, at 1 (emphasis in original). Bush entered his guilty pleas in open court on June 22, 2017. Before accepting his pleas, the trial court advised Bush that the sentences could be run consecutive to each other for a total time of ten years, Plea T., June 22, 2017 at 7.
>
> {¶ 4} At sentencing on June 30, 2017, both of the minor victims and their mother addressed the trial court. The trial court further reviewed a pre-sentence investigation report. The trial court sentenced Bush to fifty-four months in prison on each count of Gross Sexual Imposition, to be served consecutively for a total sentence of nine years in prison.
>
> Assignment of Error
>
> {¶ 5} "I. THE TRIAL COURT ERRED WHEN IT IMPOSED CONSECUTIVE SENTENCES ON APPELLANT."

*State v. Bush*, 5th Dist. No. 17-CA-00007, 2018 WL 1391808, at *1 (Ohio Ct. App. Mar. 19, 2018). On March 19, 2018, the appellate court affirmed the judgment of the trial court. *Id*. Petitioner did not file a timely appeal. On July 19, 2018, he filed a Notice of Appeal and Motion for Leave to File Delayed Appeal. (ECF No. 7, PAGEID # 101, 104.) On September 26, 2018, the Ohio Supreme Court denied the motion for a delayed appeal. *State v. Bush*, 153 Ohio St.3d 1484 (Ohio 2018).

On October 23, 2018, Petitioner filed this pro se habeas corpus Petition pursuant to 28 U.S.C. § 2254. He asserts that he was denied due process and equal protection because Ohio's legislature intended that he be sentenced to minimum concurrent sentences unless judicial reasoning concluded otherwise (claim one); and that his sentence violates the Double Jeopardy Clause (claim two). It is the position of the Respondent that these claims are waived and without merit.

## II.     Exhaustion

In order to satisfy the exhaustion requirement in habeas corpus, a petitioner must fairly

present the substance of each constitutional claim to the state courts as a federal constitutional claim. *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 275 (1971). Although the fair presentment requirement is a rule of comity, not jurisdiction, *see Castille v. Peoples*, 489 U.S. 346, 349 (1989); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999), it is rooted in principles of comity and federalism designed to allow state courts the opportunity to correct the State's alleged violation of a federal constitutional right that threatens to invalidate a state criminal judgment.

In the Sixth Circuit, a petitioner can satisfy the fair presentment requirement in any one of four ways: (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). Further, general allegations of the denial of a constitutional right, such as the right to a fair trial or to due process, are insufficient to satisfy the "fair presentment" requirement. *Id*.

Here, Petitioner failed to present to the state courts any claim of federal constitutional dimension. He did not argue on direct appeal that his convictions or sentence violated the Double Jeopardy Clause, due process, or equal protection. Instead, he asserted solely that the trial court had violated Ohio law by imposing consecutive terms of incarceration. Petitioner referred to no federal law or state cases relying on federal law in support of this claim. He did not refer to any alleged violation of the Constitution. (*See Brief of Defendant-Appellant, John Michael Bush, III,* ECF No. 7, PAGEID # 48-54.) The state appellate court likewise addressed his claim for the alleged violation of state law, only. *State v. Bush*, 2018 WL 1391808.

Moreover, Petitioner has failed to establish cause for this failure. He therefore has waived any federal issue for review in these proceedings by failing to present it fairly to the state courts.[1]

As to any claim regarding the alleged violation of state law, such issue does not provide him a basis for federal habeas corpus relief. A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988). "'[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure'" in considering a habeas petition. *Id*. (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)). "State courts [ ], after all, are the final arbiters of the state law's meaning and application and the federal habeas court is not the appropriate forum to adjudicate such issues." *Moreland v. Bradshaw*, 635 F.Supp.2d 680, 705 (S.D. Ohio Apr. 10, 2009) (citing *Summers v. Leis*, 368 F.3d 881, 892 (6th Cir. 2004)). It is only where the alleged error resulted in the denial of fundamental fairness that habeas relief will be granted. *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988). Such are not the circumstances here.

---

[1] It is the position of the Respondent that Petitioner has committed a procedural default by failing to file a timely appeal to the Ohio Supreme Court. (*Return of Writ*, ECF No. 8, PAGEID # 166.) In response, Petitioner states that his attorney failed to timely notify him of the appellate court's decision denying the appeal. (Reply, ECF No. 9, PAGEID # 174.) This Court need not address the issue, however, because Petitioner has waived both of his federal claims by failing to present them to the state appellate court.

### III. Disposition

For the reasons set forth above, it is **RECOMMENDED** that this action be **DISMISSED**.

### Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE