IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN MICHAEL BUSH III,

    Petitioner,

v.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:18-CV-1283
JUDGE ALGENON L. MARBLEY
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

On February 21, 2019, the Magistrate Judge issued a *Report and Recommendation* recommending that the Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. (ECF No. 10) Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (ECF No. 11) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 11) is **OVERRULED**. The *Report and Recommendation* (ECF No. 10) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

The Court **DECLINES** to issue a certificate of appealability.

Petitioner challenges his convictions pursuant to his guilty plea in the Perry County Court of Common Pleas on two counts of gross sexual imposition. He asserts that he was denied due process and equal protection based on the trial court's imposition of more than minimum consecutive terms of incarceration, and that his sentence violates the Double Jeopardy Clause. The Magistrate Judge recommended dismissal of both of the foregoing claims based on Petitioner's failure to establish cause for failing to present any issue of federal constitutional magnitude to the state appellate court. Petitioner objects to that recommendation.

As cause for this failure, Petitioner asserts the denial of the effective assistance of appellate counsel. However, the ineffective assistance of appellate counsel cannot constitute cause for a procedural default where, as here, the Petitioner failed to present that issue to the state courts. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). Therefore, for these reasons and for the reasons addressed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection* (ECF No. 11) is **OVERRULED**. The *Report and Recommendation* (ECF No. 10) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, —U.S. —. —, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the

denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

The Court is not persuaded that reasonable jurists would debate the dismissal of Petitioner's claims. The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED.**

**IT IS SO ORDERED**.

                                              s/Algenon L. Marbley
                                              **ALGENON L. MARBLEY**
                                              **UNITED STATES DISTRICT COURT**

**DATED: March 26, 2019**