IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN MICHAEL BUSH, III,

      Petitioner,

    v.

WARDEN, CHILLICOTHE
CORRECTIONAL INST.,

      Respondent.

CASE NO. 2:18-CV-1283
JUDGE ALGENON L. MARBLEY
Magistrate Judge Chelsey M. Vascura

**OPINION AND ORDER**

On March 26, 2019, Judgment was entered dismissing the Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 13.) Petitioner has filed a Motion for Reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (ECF No. 14.) For the reasons that follow, the Motion for Reconsideration (ECF No. 14) is **DENIED.**

Petitioner challenges his convictions pursuant to his negotiated guilty plea in the Perry County Court of Common Pleas on two counts of gross sexual imposition. He asserts that he was denied due process and equal protection because Ohio's legislature intended that he be sentenced to minimum concurrent sentences unless judicial reasoning concluded otherwise, and that his sentence violates the Double Jeopardy Clause. However, Petitioner failed to present either of these claims as issues of federal constitutional magnitude in the Ohio courts. This Court therefore dismissed both of his claims on this basis. Petitioner now argues that relief from final Judgment is warranted under Rule 59(e), however, because dismissal of this case will result in a manifest injustice.

A motion to alter or amend judgment may be filed under Rule 59(e) within 28 days of the entry of judgment where there exists "'(1) a clear error of law; (2) newly discovered evidence;

(3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *CitiMortgage, Inc.*, No. 2:13-cv-00680, 2015 WL 1000444, at *2 (quoting *Intern Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). "The purpose of Rule 59(e) is 'to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings.'" *Esparza v. Anderson*, No. 3:96-cv-7434, 2013 WL 774155, at *7 (N.D. Ohio Feb. 27, 2013) (citing *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008)). "[M]otions to alter or amend, or for reconsideration, are not intended as a mechanism for a plaintiff to relitigate issues previously considered and rejected, or to submit evidence which in the exercise of reasonable diligence could have been submitted earlier." *Kittle v. State*, No. 2:05-cv-l 165, 2007 WL 543447, at *1 (S.D. Ohio Feb. 15, 2007) (citing *Helton v. ACS Grp.*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997) ); *Howard*, 533 F.3d at 475. Due to the importance of finality in the justice system, a motion to reconsider a final order should be granted only in extraordinary circumstances, such as a complete failure to address an issue or claim. *Solly v. Mausser*, No. 2:15-cv-956, 2016 WL 74986 at *1 (S.D. Ohio Jan. 7, 2016). Further, it is not the function of a motion to reconsider to renew arguments that the Court has already considered and rejected. *See Lloyd v. City of Streetsboro*, No. 5:18-cv-73, 2018 WL 2985098, at *1 (N.D. Ohio June 14, 2018) (citing *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F.Supp. 1182, 1184 (N.D. Ohio 1996)). "When the 'defendant views the law in a light contrary to that of this Court,' its 'proper recourse' is not by way of a motion for reconsideration but by 'appeal to the Sixth Circuit.'" *Id*. (citing *Dana Corp. v. United States*, 764 F.Supp. 482, 489 (N.D. Ohio 1991)).

     As discussed, Petitioner contends that relief is warranted to prevent a "manifest injustice, because he was denied the effective assistance of counsel, and his guilty plea was not knowing,

2

intelligent and voluntary, but coerced by defense counsel, who told him that he had no choice but to enter a guilty plea. Petitioner refers to a document he attached to his Reply, in support of this claim, indicating that the charges would possibly be reduced to third degree felonies, with a possible sentence of a short time, roughly 30 days in prison, "then the SEPTA program, and probation for 5 years. If convicted of current charges, then only penalty available to court is life without parole with no chance for relief." (*Exhibit 1*, ECF No. 9, PAGEID # 177.)

However, Petitioner did not previously raise a claim of the denial of the effective assistance of trial counsel or assert that his guilty plea was not knowing, intelligent and voluntary on this basis, or claim that his guilty plea was coerced by defense counsel. He cannot now amend the Petition to do so here. "Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment." *Howard*, 533 F.3d at 475. Moreover, the alleged denial of the effective assistance of trial counsel does not constitute cause for Petitioner's failure to present his claims to the state appellate court.

Petitioner has presented no basis warranting relief from final judgment of dismissal of this case. The Motion for Reconsideration (ECF No. 14) therefore is **DENIED.**

    **IT IS SO ORDERED**.

                                              s/Algenon L. Marbley
                                              **ALGENON L. MARBLEY**
**DATED: MAY 21, 2019**                     **UNITED STATES DISTRICT COURT**